**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | | |
|---|---|---|
| WILLIAM E. WEST, IV, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| VS. | : | |
| | : | |
| Officers BARBARA WILLIAMS and | : | NO. 1:08-CV-149 (WLS) |
| ERIC HILL, Counselor REMIKA | : | |
| CHRISTIAN, and the GEORGIA DEP'T | : | |
| OF CORRECTIONS, | : | |
| Defendants | : | **RECOMMENDATION** |

Plaintiff **WILLIAM E. WEST, IV** has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983.

*I. STANDARD OF REVIEW*

*A. 28 U.S.C. § 1915(e)(2)*

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review complaints filed by prisoners against a governmental entity or its employees and dismiss any portion of the complaint the Court finds:  (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  In determining whether a cause of action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss "if as a matter of law 'it is clear that no relief could be

1

granted under any set of facts that could be proved consistent with the allegations,'... without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Neitzke*, 490 U.S. at 327 (quoting ***Hishon* v. *King & Spalding***, 467 U.S. 69, 73 (1984)).

### *B. General Requirements of 42 U.S.C. § 1983*

In order to state a claim for relief under section 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States.  ***See Wideman v. Shallowford Community Hosp., Inc.***, 826 F.2d 1030, 1032 (11th Cir. 1987).  Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law.  ***Id.***

## II. BACKGROUND

Plaintiff brings this action against defendants Officers Barbara Williams and Eric Hill, Chief Counselor Remika Christian, and the Georgia Department of Corrections ("GDOC").  According to plaintiff, Barbara Williams took various actions against plaintiff solely because plaintiff is a Muslim, including issuing a false disciplinary report and placing plaintiff in isolation, which resulted in plaintiff being removed from the prison "fire team."  Plaintiff discussed Williams's actions with Remika Christian, but she did nothing to remedy the situation.  Finally, plaintiff claims that Eric Hill gave plaintiff the nickname "Toby" from "Roots," to which plaintiff took great offense.

## III. DISCUSSION

### *A. GDOC*

The GDOC is an agency of the state.  A state and its agencies are not "persons" who may be sued under section 1983.  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).  Accordingly, it is **RECOMMENDED** that the **GDOC** be **DISMISSED** as a defendant herein

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the District Judge to whom this case is assigned within ten (10) days after being served with a copy of this order.

### B.  Officer Eric Hill

Plaintiff's constitutional rights have not been violated by Eric Hill regularly calling plaintiff "Toby."  Derogatory or abusive remarks by correctional officers do not state a claim of deprivation of rights under section 1983.  *Edwards v. Gilbert*, 867 F.2d 1271, 1274 n.1 (11th Cir.1989) (verbal taunts directed at plaintiff do not violate his constitutional rights).

In light of the foregoing, it is **RECOMMENDED** that plaintiff's claims against Officer Hill be **DISMISSED.**  Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the District Judge to whom this case is assigned within ten (10) days after being served with a copy of this order.

### C.  Officer Barbara Williams and Counselor Remika Christian

Although the Court has reservations about the ultimate validity of plaintiff's claims against Officer Barbara Williams and Counselor Remika Christian, the Court cannot conclude that plaintiff's claims against these defendants are frivolous at this juncture.  *See e.g., Abdulhaseeb v. Saffle*, 65 Fed.Appx. 667, 674-75 (10th Cir. 2003) (finding prisoner stated equal protection claim for

the denial of prison employment on account of his religion).

## IV.  CONCLUSION

In a separate order, the undersigned has directed that plaintiff's lawsuit go forward against defendant Officer Barbara Williams and Counselor Remika Christian.  The undersigned **RECOMMENDS** that plaintiff's claims against the GDOC and Officer Eric Hill be **DISMISSED** and that they be **TERMINATED** as defendants herein.

**SO RECOMMENDED**, this 4th day of December, 2008.


*/s/ Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE