IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| WILLIAM E. WEST, IV., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | Civil Action File No. |
| | : | **1:08-CV-149 (WLS)** |
| BARBARA WILLIAMS, and | : | |
| REMIKA CHRISTIAN, | : | |
| | : | |
| Defendants. | : | |

### **RECOMMENDATION**

Currently pending in this *pro se* prisoner 42 U.S.C. § 1983 action is defendants' motion to dismiss for failure to exhaust administrative remedies (Doc. 8).[1] The undersigned notified plaintiff of the filing of the motion, and advised plaintiff of the importance of responding thereto. (Doc. 9). However, plaintiff has failed to file any response to the motion.

Plaintiff, an inmate at Calhoun State Prison at all times relevant to this lawsuit, alleges that defendants violated his constitutional rights by either removing him from or not allowing him to participate in the prison firefighter program because of his religion.

Defendants contends that this suit should be dismissed because plaintiff failed to exhaust administrative remedies prior to filing this lawsuit.

42 U.S.C.§ 1997e(a) of the PLRA mandates that "no action shall be brought" by a prisoner under any federal law until the prisoner has exhausted all "administrative remedies as are available," as follows:

---

[1] Plaintiff originally sought to name other defendants in this action; however, the undersigned filed a recommendation dated December 8, 2008 (doc. 5) to dismiss the claims against all other defendants that remains pending before the district judge to whom this case is assigned.

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted.

Alexander v. Hawk, 159 F.3d 1321, 1324 (11th Cir. 1998).

According to defendants, the grievance process consists of the following steps: First, the inmate files an informal grievance and a resolution is attempted. The informal grievance must be filed within ten (10) days of the time of the alleged offense. . If the informal grievance is denied, the inmate may choose to file a formal grievance. The formal grievance must be filed within five (5) days of the denial of the informal grievance. . The Warden reviews the formal grievance and a written response is provided to the inmate within thirty (30) calendar days of when the grievance was filed with the inmate's counselor. . If the grievance is denied, the inmate has five (5) days to file an appeal to the Commissioner's office. The review by the Commissioner's office is the final step which completes the Department's administrative process. (Aff. Edwards, doc. 8).

Additionally, the statewide grievance process also provides for Emergency Grievances that inmates can file for alleged emergency situations. (Aff. Edwards, doc. 8, ¶ 6). Emergency Grievances are immediately referred to a prison grievance coordinator or an after hours duty officer who determines if the issue is, in fact, an emergency. If so, that coordinator/officer will immediately take whatever action necessary to protect the health, safety, or welfare of the inmate. *Id.*

However, according to the records submitted by defendants, plaintiff did not file or exhaust a formal grievance regarding the alleged discrimination. (Aff. Edwards, doc. 8, ¶ 7). A review of grievance records reveals that laintiff has not filed a formal grievance against Officer Williams or Counselor Christian. Further, there are no formal grievances from inmate West about any alleged religious issues in regards to work assignments (Aff. Edwards, doc. 8, ¶ 8).

    Plaintiff has not satisfied the exhaustion requirement of § 42 U.S.C. 1997(e). The clear mandate of  <u>Alexander v. Hawk</u> is that a  prisoner must exhaust the remedies available under an administrative remedy program before filing an action such as this.  Given these circumstances, the undersigned  believes that dismissal is mandated for failure to exhaust administrative remedies.

   The court must follow the dictates of circuit law.   This circuit, in interpreting the PLRA, has determined that exhaustion is now a pre-condition to suit, and the courts can no longer simply waive those requirements where it is determined the remedies are futile or inadequate.    <u>Alexander v. Hawk</u>, 159 F.3d 1321, 1326 (11th Cir. 1998); <u>Harper v. Jenkin</u>, supra.

    Accordingly, it is the RECOMMENDATION of the undersigned that defendants' motion to dismiss be **GRANTED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 20th  day of May, 2009.

                                            //S Richard L. Hodge
                                            RICHARD L. HODGE
                                            UNITED STATES MAGISTRATE JUDGE

msd